# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN ANTON BANDY,
    Plaintiff

v.

OFFICER BRIAN HILL, et al.,
    Defendants.

Civil Action
No. 18–0425

FILED
MAR 18 2019
KATE BARKMAN, Clerk
By _____ Dep. Clerk

**MEMORANDUM**

**Jones, II. J.**                                                                                              **March 18, 2019**

## I. Introduction

Plaintiff Kevin Bandy, an inmate at the State Correctional Institution in Huntingdon, Pennsylvania (SCI-Smithfield), filed this *pro se*[1] civil rights action under 42 U.S.C. § 1983 against, *inter alia*, Upper Merion Police Officers Brian Hill, Steven Geckle, Jerome Staquet, Robert Smull, and Alexander Clark ("Upper Merion Police Defendants"), Montgomery County Probation Officer Daniel Khun[2] ("Defendant Khun"), Bloomingdales[3] Department Store and Bloomingdales loss prevention officer ("LPO") Gerald Waters ("Bloomingdales Defendants"), and Pennsylvania State Trooper Bunza[4] ("Defendant Bunza") (collectively, "Moving Defendants") in connection with his April 2016 arrest for felony retail theft. Plaintiff's Complaint does not identify or articulate any particular causes of action, and, other than the Civil

---

[1] Plaintiff is commended for his pleasant handwriting.

[2] *Pro se* Plaintiff incorrectly identified the probation officer as Daniel Khun. His correct last name is Kuhn, but the named used by Plaintiff is used here for consistency.

[3] *Pro se* Plaintiff incorrectly identified the store as Bloomingdales whereas the company's name is Bloomingdale's. The named used by Plaintiff is used here for consistency.

[4] *Pro se* Plaintiff incorrectly identified the state trooper as Corporal Bunza. His correct rank is Sergeant and his correct last name is Burza, but the named used by Plaintiff is used here for consistency.

1

Rights Act, 42 U.S.C. § 1983, it cites no law.[5] Rather, Plaintiff's Complaint haphazardly alleges facts, levels accusations, and asserts legal conclusions against some of the named defendants. In relevant part, Plaintiff claims he was the victim of racial profiling, he was improperly arrested, he was robbed of items found in his car, including the merchandise that he was arrested for having stolen, and his prosecution was malicious and baseless.

Essentially, Plaintiff asks this Court to award him monetary damages against Defendants for injuries he sustained as a result of having been the subject of state prosecution for both felony retail theft charges and probation violation. Plaintiff argues he is entitled to such relief because: all persons involved, including the police, were driven by racial animus;[6] his traffic stop and arrest were unlawful; the report of his probation violation was fraudulent; his convictions were based on perjury or on otherwise insufficient, fraudulent, altered, or no evidence; and, the police robbed Plaintiff of items found in his car, including the merchandise he was convicted[7] for having stolen.

Upon a liberal reading of the averments in Plaintiff's Complaint, this Court interprets his claims as claims for unconstitutional search and arrest; malicious prosecution; conspiracy; and

---

[5] Plaintiff's Motion in Opposition (Reply) to Defendants' Motions to Dismiss (ECF No. 43) (filed March 11, 2019—six months after the last 12(b)(6) motion) adds reference to the Eighth and Fourteenth Amendments, Right to Know Law, and select case law. Notwithstanding the fact that this Court does not have subject matter jurisdiction over Plaintiff's claims, *see infra* Section IV.A, and notwithstanding the fact that a plaintiff may not supplement pleadings with briefing, *Wisconsin v. Indivior Inc.*, Case No. 16-cv-5073, 2017 U.S. Dist. LEXIS 171322, at *40 (E.D. Pa. Oct. 17, 2017) (refusing to allow plaintiffs to supplement their complaint with briefing), Plaintiff's Reply, like his Complaint, is replete with bald, conclusory allegations, which add nothing to his case.

[6] Plaintiff also alleges the prosecutors, his defense attorney, and the judges were racist but all such defendants have been dismissed from this case, therefore those allegations are not directly relevant here. They are noted only for context.

[7] Plaintiff was convicted after entering a guilty plea. (Pl.'s Montgomery County Court of Common Pleas Court Summary ("Court Summary"), 2-3.)

2

conversion, all deriving from the same bundle of facts.[8] In response to Plaintiff's Complaint, Moving Defendants filed the instant Motions to Dismiss for failure to satisfy the federal pleading standards and present any plausible claims. In addition, Defendant Khun argues this Court lacks subject matter jurisdiction over Plaintiff's claim against him under the Rooker-Feldman doctrine.[9] For the reasons set forth herein, all Moving Defendants' Motions to Dismiss shall be granted, as this Court lacks jurisdiction over this matter.

## II. Background[10]

Shortly after 10:00 a.m. on April 5, 2016, Bloomingdales LPO Waters observed two individuals enter Bloomingdales in King of Prussia and proceed to the Women's Burberry department. (Jun. 1, 2016 Habeas Hearing Transcript,[11] Testimony of Gerald Waters ("Waters Habeas Testimony"), 4 Line 10 - 6 Line 7 (ECF No. 8, 47-48); Sep. 16, 2016 Gagnon Hearing

---

[8] Thus, though Plaintiff only asserts a claim under 42 U.S.C. § 1983, his claims are construed as a mixture of federal and state law claims. § 1983 only provides a remedy for violation of rights created by the United States Constitution and federal law, not rights created by state law. *Regelman v. Weber*, Civil Action No. 10-675, 2012 U.S. Dist. LEXIS 140398, at *22 (E.D. Pa. Sep. 28, 2012) (citing cases). However, since Plaintiff's claims all derive from the same set of facts, this Court considers whether it may exercise supplemental jurisdiction over his state law claims. *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840 (3d Cir. 2014).
[9] *See infra* Section IV.A.
[10] All background information is derived from Plaintiff's Complaint, documents appended thereto, and public records. For purposes of the instant Motions, the first twenty-three pages of ECF No. 8 shall be construed as Plaintiff's Complaint and referenced by page number since there are no paragraph numbers. Said pages consist of a completed, standard Eastern District of Pennsylvania Case Management Track Designation Form with supplemental handwritten pages, as well as copies of various written communications prepared by Plaintiff. The balance of ECF No. 8, which consists of, *inter alia*, copies of other written communications prepared by Plaintiff, including letters to news agencies, odd numbered pages from the transcript of Plaintiff's September 16, 2016 Contested Gagnon Hearing, even-numbered pages from Plaintiff's June 1, 2016 Habeas Corpus Hearing, a Macy's Department Store policy page, a case-status letter from his Assistant Public Defender, a letter denying Plaintiff's application for Behavioral Health Court, a letter dismissing his Complaint against his Assistant Public Defender, and miscellaneous other letters, although not designated as such, shall be considered exhibits to Plaintiff's Complaint and referred to by description as well as by page number within ECF No. 8.
[11] Included with Plaintiff's Complaint as an exhibit.

3

Transcript,[12] Testimony of Gerald Waters ("Waters Gagnon Testimony"), 5 Lines 2-10 (ECF No. 8, 26).) He was able to see the individuals clearly. (Waters Gagnon Testimony, 5 Lines 23-24 (ECF No. 8, 26).) Subsequently, those individuals, one of whom was Plaintiff, each grabbed an armful of clothing and ran towards the exit. (Waters Habeas Testimony, 6 Lines 18-21 (ECF No. 8, 48).) They departed the store with merchandise taken from Bloomingdales and jumped into a black Nissan Altima with paper covering part of the license plate. (Waters Gagnon Testimony, 7 Lines 2-23, 13 Lines 16-20 (ECF No. 8, 27, 30).) There was a woman in the car. (*Id.* at 15 Lines 3-8 (ECF No. 8, 31); Sep. 16, 2016 Gagnon Hearing Transcript, Testimony of Brian Hill ("Hill Testimony"), 21 Lines 22-25 (ECF No. 8, 34).) LPO Waters pursued the individuals but did not apprehend them. (Waters Gagnon Testimony, 13 Lines 4-15 (ECF No. 8, 30).) As they were entering the car, the individuals dropped some of the merchandise they had taken from Bloomingdales. (Waters Gagnon Testimony, 7 Lines 15-19 (ECF No. 8, 27).) LPO Waters relayed what he observed to the Upper Merion Police. (Waters Habeas Testimony, 8 Lines 2-8 (ECF No. 8, 49).)

Approximately thirty minutes later, Plaintiff was traveling eastbound on Interstate 76 with one Darryl Adams and a woman when he was pulled over by Pennsylvania State Trooper Bunza.[13] (Compl. 5, 8, 20.) Plaintiff alleges he was pulled over due to racial profiling. (Compl. 8.) There was evidence to arrest Plaintiff in the car; to wit, "$16,000 in Burberry dresses, and coats, $3,200 in Montclear jacket, and Vest and unknown amount of Shirts and etc from other

---

[12] Included with Plaintiff's Complaint as an exhibit.
[13] Complaint exhibits state that the Upper Merion Police effected the traffic stop but Trooper Bunza actually conducted the stop. (Waters Habeas Testimony, 8 Lines 7-9 (ECF No. 8, 49).) The inference is that the Upper Merion Police notified the State Police who, in turn, observed Plaintiff's getaway vehicle and stopped it.

4

stores. Some fur coats."[14] (Compl. 20-21.) There were items in the back seat and trunk. (Compl. 10.) Some of the items in the car were from Bloomingdales, some were not. (Compl. 10, 14.) Thereafter, Upper Merion Police arrived. (Compl. 20.) Upper Merion Police brought Bloomingdales' LPO Waters to the scene and Waters identified Plaintiff as someone who stole merchandise from Bloomingdales. (Hill Testimony, 17 Lines 20-22 (ECF No. 8, 32); Waters Habeas Testimony, 8 Lines 8-19 (ECF No. 8, 49).) Upper Merion Police then arrested Plaintiff for retail theft and receiving stolen property, without having secured a search warrant. (Compl. 8, 20.) Trooper Bunza left the scene after Upper Merion Police arrived. (Compl. 22.) Allegedly, the Upper Merion Police, an unknown tow truck driver, and King of Prussia Bloomingdales' LPO proceeded to steal the evidence "and other stuff" found in Plaintiff's car after his arrest. (Compl. 8, 21.)

Plaintiff alleges Probation Officer Khun thereafter[15] wrote a false and baseless report stating that Plaintiff violated his probation by failing to report.[16] (Compl. 11.)

Subsequently, Plaintiff was prosecuted for felony retail theft, felony conspiracy, and felony receiving stolen property. (Pl.'s Montgomery County Court of Common Pleas Court Summary ("Court Summary") 2-3.) Plaintiff alleges the prosecution sought to convict him "because of racial profile, and his past." (Compl. 10.) On December 7, 2017, he pled guilty to

---

[14] Bloomingdales estimated their loss at $12,700 and noted the thieves dropped three items worth about $3,750 while entering the getaway car. Sep. 16, 2016 Gagnon Hearing Transcript Testimony of Gerald Waters, p. 7 Lines 22-23 (ECF No. 8, 27).

[15] Plaintiff does not state when Khun allegedly wrote a false report but public records indicate Plaintiff's probation violation charge letter was dated April 7, 2016—two days after his arrest for retail theft. K. A. Bandy's Probation Violation Documents, Defendant Khun's Mot. Dismiss, Exs. B, C.

[16] Public records indicate Plaintiff's probation violation was predicated not only on failure to report but also on his arrest for retail theft and on his failure to satisfy previously-imposed restitution. K. A. Bandy's Probation Violation Documents, Defendant Khun's Mot. Dismiss, Exs. B, C.

felony retail theft and associated felony conspiracy[17] and was sentenced to a term of imprisonment and probation. (Court Summary 2-3; Compl. 10.) Plaintiff alleges no evidence was presented during his prosecution, no dash cam or other video footage, no proof of price tag value, no proof Plaintiff exited the store with merchandise. (Compl. 8-11, 20-21.) Allegedly, Bloomingdales' LPO altered or tampered with store video footage and Upper Merion Police falsified affidavits and lied in court because they are racist. (Compl. 8-9, 22.) Plaintiff claims he never went to trial and he did twenty and a half months in prison on his charge of receiving stolen property, which was ultimately dismissed.[18] (Compl. 14, 20.)

Plaintiff claims resulting mental and emotional injury, loss of opportunity, economic losses, and harm to reputation. (Compl. 8, 13-14.) He demands $800,000 to $2,000,000 for his trouble, the value of the stolen merchandise (which he estimates to be $35,000), plus $100,000 for mental damage, and he insists that the police be prosecuted for corruption. (Compl. 8, 13-14.) Alternatively, Plaintiff simply wants the police and the District Attorney to drop the charges to which he pled guilty. (Compl. 22.)

### III. Standard of Review

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). "A pro se complaint must be liberally construed and ... can only be dismissed for

---

[17] Plaintiff's charge for receiving stolen property was nolle prossed on the same day he pled guilty to felony retail theft and felony conspiracy. Court Summary 3.
[18] Plaintiff was detained for all three charges associated with his retail theft episode. He was ultimately adjudicated guilty of two of those three charges. Court Summary 2-3.

6

failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wyche v. City of Phila.*, CIVIL ACTION NO. 15-3900, 2016 U.S. Dist. LEXIS 30671, *3, (E.D. Pa. March 10, 2016) (citing *Estelle v. Gamble*, 429 U.S. 97, 97 (1976)) (internal citations and quotations omitted). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Phillips*, 515 F.3d at 233 (internal quotation marks and citation omitted). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

## IV. Discussion

### A. Subject Matter Jurisdiction and Rooker-Feldman

Plaintiff's claim against Defendant Khun consists of three sentences, one of which encapsulates them all: "Daniel Khun wrote a false report, and committed perjury in court to say [Plaintiff] fail [sic] to report." (Compl. 11.) In response, Khun argues this Court lacks subject matter jurisdiction over Plaintiff's claim under the Rooker-Feldman doctrine. (Def. Khun's Mot.

7

Dismiss, 6-8.) Because this argument challenges subject matter jurisdiction, a threshold issue, it will be addressed first.

The Rooker-Feldman doctrine provides that federal district courts lack jurisdiction over suits that are essentially appeals from state court judgments. *Sims v. Gregg*, CIVIL ACTION NO. 15-5426, 2017 U.S. Dist. LEXIS 28574, at *9 (E.D. Pa. Feb. 28, 2017); *see also Parkview Assocs. Pshp. v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000). Khun submits that Plaintiff's claim against him amounts to a challenge to Montgomery County Court of Common Pleas' ("CCP") adjudication that Plaintiff violated the terms of his probation and, as such, this Court has no jurisdiction over the claim under the Rooker-Feldman doctrine.

> There are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Regelman v. Weber*, Civil Action No. 10-675, 2012 U.S. Dist. LEXIS 140398, at *18-19 (E.D. Pa. Sep. 28, 2012) (internal quotations and alterations omitted) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005))). Claims that fulfill these elements were either adjudicated in state court or could be described as "inextricably intertwined" with claims adjudicated in state court. *Id.* at *19. Because the facts and pleadings related to Plaintiff's convictions for felony retail theft and probation violation are so intertwined,[19] this Court will evaluate claims related to both adjudications under Rooker-Feldman.

---

[19] Not related to the "inextricably intertwined" aspect of the Rooker-Feldman doctrine.

8

The low hanging fruit: There is no dispute regarding the fact of Plaintiff's convictions for felony retail theft and probation violation by the Montgomery County CCP, and public documents reflect same.[20] This Court therefore concludes Plaintiff lost in state court. Also, Plaintiff's probation violation adjudication occurred in 2016 and he pled guilty to the felony retail theft charges in 2017, whereas this suit was filed in 2018. Therefore, his convictions were rendered before this suit was filed.

Next this Court must ascertain whether Plaintiff complains of injuries caused by state-court judgments. The specific injuries alleged by Plaintiff are mental injury, emotional and mental anguish, economic loss, harm and danger to his life in the prison environment, harm to his reputation,[21] loss of work, and loss of opportunity. (Compl. 8, 14.) Said injuries resulted from his conviction and consequent sentence, i.e. the state-court judgments. Thus, Plaintiff complains of injuries caused by the state-court judgments.[22]

Finally, Plaintiff is clearly inviting this Court to review and reject the state court judgment when he asserts "[t]he reason I should be awarded [damages] is because I was improper [sic] arrested and charged," and when he states "[a]ll I want is these [police and prosecutor] to dismiss my case because of a [sic] improper arrest (lack of evidence)." (Compl. 14, 22.) Plaintiff's Complaint sounds in collateral attack. He complains generally to this Court of the underpinnings of his state court judgment—his arrest, his charges, and the evidence used

---

[20] *See* K. A. Bandy's Probation Violation Documents, Defendant Khun's Mot. Dismiss, Exs. B, C. Pl.'s Montgomery County Court of Common Pleas Court Summary, 2-3.

[21] Ironically, Plaintiff complains of harm to his reputation as a result of his prosecution and conviction here and then boasts of his prior criminal escapades in a letter to a Fox News anchor. ECF No. 8, 67-69.

[22] Additionally, it stands to reason that Plaintiff complains of injuries from his state court judgment because, had he been adjudicated not guilty and released, he would not have filed a prisoner complaint, attacking the underpinnings of his conviction.

9

to convict him (upon which the state court passed judgment)—and he wants his case dismissed.[23] He therefore asks this Court to review and reject the state court judgment, establishing both the last element of the Rooker-Feldman doctrine and this Court's lack of subject matter jurisdiction over his civil rights claim. *Abdus Shahid v. Borough of Eddystone*, CIVIL ACTION NO. 11-2501, 2012 U.S. Dist. LEXIS 70988, at *30 (E.D. Pa. May 22, 2012) ("[Plaintiff] essentially is appealing his convictions by means of his § 1983 suit. Under Rooker-Feldman, we have no jurisdiction to consider such a claim."). Plaintiff's § 1983 claim against Probation Officer Khun and all Moving Defendants is therefore dismissed for lack of subject matter jurisdiction. Not having jurisdiction over Plaintiff's federal claim, this Court declines to exercise supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### B. Plaintiff's Pleading is Deficient

Assuming arguendo this Court had subject matter jurisdiction over Plaintiff's claims, they would still be dismissed for failure to state a claim under the federal pleading standard. Though courts must liberally construe the claims of a *pro se* litigant, *Wyche*, 2016 U.S. Dist. LEXIS 30671 at *3, when asserting a cause of action pursuant to 42 U.S.C. § 1983, even a *pro se* litigant may not rely on vague and conclusory allegations, but instead "must set forth with factual specificity the conduct of defendants alleged to have harmed the plaintiff." *Darr v. Wolfe*, 767 F.2d 79, 80-81 (3d Cir. 1985); *see also Rivera v. Chester Cnty.*, CIVIL ACTION NO. 15-5609, 2017 U.S. Dist. LEXIS 45755, at *8 (E.D. Pa. March 28, 2017) ("even a pro se complaint must conform with the [pleading] requirements"). Consisting solely of vague, conclusory, "the

---

[23] To the extent Plaintiff seeks to challenge the fact or duration of his confinement, habeas corpus is his exclusive remedy. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

defendant unlawfully harmed me" allegations, Plaintiff's Complaint would still be dismissed for failure to satisfy the pleading requirements if this Court had subject matter jurisdiction over it.

### 1. Unimplicated Upper Merion Police Officers

Furthermore, Upper Merion Police Defendants argue Officers Smull, Staquet, and Geckle should be dismissed outright because Plaintiff pleads no facts involving them. (Upper Merion Police Defendants' Mot. Dismiss, 5.) Said Defendants are correct.

The Third Circuit requires a plaintiff to show personal participation by defendants who are alleged to have harmed him. *See Gandy v. Graterford*, 646 F. App'x 144, 145 (3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 676); *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988) (requiring plaintiffs to "identify[] the particular conduct of defendants that is alleged to have harmed the plaintiffs."); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (requiring that allegations "be made with appropriate particularity"). Officers Smull, Staquet, and Geckle are merely mentioned in the caption of Plaintiff's Complaint and in the list of defendants. He does not plead any personal participation by Officers Smull, Staquet, or Geckle. Therefore, Upper Merion Police Defendants' Motion to Dismiss Plaintiff's claims against said officers would be granted even if this Court had subject matter jurisdiction over Plaintiff's Complaint.

### C. § 1983

Assuming arguendo this Court had subject matter jurisdiction over Plaintiff's claims and the federal pleading rules did not apply, his claims would still fail. Plaintiff sues all Moving Defendants under the Civil Rights Act, 42 U.S.C. § 1983.[24] (Compl. 3,4.) Section 1983 provides:

---

[24] Plaintiff does not otherwise invoke any state or federal law.

11

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"To prevail on a § 1983 claim, [a plaintiff must] show, first, that she was deprived of a constitutional right and, second, that the alleged deprivation was committed by a person acting under color of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (internal quotation marks omitted) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (citing *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998)) (internal quotation marks omitted).

### 1. Bloomingdales Defendants

Plaintiff's claims against Bloomingdales Defendants would be dismissed because said Defendants are private actors, not state actors, and, therefore, they are not susceptible to § 1983 action. *Id.*

### 2. Remaining Moving Defendants

With respect to the remaining Moving Defendants, upon a liberal reading of the averments in Plaintiff's Complaint, this Court construes his claims against said Defendants as alleging deprivation of his Fourth Amendment right to be free from unreasonable searches and

seizures, and state law claims[25] for malicious prosecution and conversion. Plaintiff also included the word "conspiracy" in the context of his conversion claim.

### a. Trooper Bunza

Plaintiff's Complaint candidly states that Trooper Bunza "is the only innocent one ... because he left the scene [before] the corruption began" (Compl. 22), yet he still names Bunza as a defendant. Since Trooper Bunza simply pulled Plaintiff over and held him until the Upper Merion Police arrived, at which point Bunza left, the only potential claim that can be construed from Plaintiff's averments with respect to Trooper Bunza is a claim for unconstitutional traffic stop.

Warrantless seizure by a police officer "is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *United States v. Fredericks*, 684 F. App'x 149, 152 (3d. Cir. 2017); *cf. Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (indicating a seizure is unconstitutional when it is effected with unreasonable force or made without probable cause to believe a crime has been committed).

Plaintiff, who, though *pro se*, bears the burden of showing lack of probable cause, does not shoulder his burden. He makes a conclusory allegation of racial profiling as the cause for arrest without providing any facts to support his assertion. This does not satisfy the pleading standard. *Phillips*, 515 F.3d at 233. His assertion raises only a sheer possibility that Bunza acted unlawfully, which is not sufficient. *Iqbal*, 556 U.S. at 678.

---

[25] *See supra* n.8. This Court considered Plaintiff's state law claims as potentially supplemental to his federal claims. However, this Court does not have subject matter jurisdiction over Plaintiff's federal claims, *see supra* Section IV.A, and, therefore, his state law claims are not properly before this Court. *Dickerson v. DeSimone, Inc.*, CRIMINAL ACTION NO. 09-1551, 2011 U.S. Dist. LEXIS 84178 at *2 (E.D. Pa. Aug. 1, 2011).

Notwithstanding Plaintiff's deficient pleading, a reasonable reading of the facts provided in the Complaint indicates Bunza received information from Upper Merion Police about Plaintiff's crime and getaway car,[26] and therefore Bunza had probable cause to stop the car and investigate. The facts further indicate that, having stopped the car, Bunza observed evidence of Plaintiff's crime in plain view in the back seat, to wit: clothing—giving him additional probable cause to continue detaining the car until Upper Merion Police arrived.

Additionally, having pled guilty to the crime that indirectly prompted Trooper Bunza to stop him, Plaintiff cannot now claim there was no probable cause. *See Ross v. Donkocik*, 60 F. App'x 409, 410, n.1 (3d Cir. 2003) ("guilty plea negates ... argument that [police] did not have probable cause to arrest") (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Furthermore, a request for damages for an allegedly unconstitutional arrest is not cognizable unless the plaintiff first proves that the arrest was declared invalid by an authorized state tribunal or called into question by a federal court upon issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487. Therefore, as Plaintiff indicated, Trooper Bunza is "innocent" and Plaintiff's unlawful arrest claim[27] against him is without merit.

### b. Remaining Upper Merion Police Defendants

#### i. Fourth Amendment Claims

Likewise, Plaintiff cannot claim his arrest by Upper Merion Police is not based on probable cause after having pled guilty to the crimes for which they arrested him. *Ross*, 60 F.

---

[26] *See supra* n.13 and associated text.

[27] This Court analyzed Plaintiff's false arrest claim under the Fourth Amendment, but the analysis applies equally to a state common law claim, to the extent Plaintiff asserts such a claim. *Watson v. Haverford Twp. Police Dep't*, Civ. A. No. 10-6731, 2012 U.S. Dist. LEXIS 73473, at *17 (E.D.Pa. May 25, 2012) ("Pennsylvania state law false arrest claims and federal constitutional false arrest claims are co-extensive as to both elements of proof and elements of damages.")

14

App'x at 410, n.1. Nor is his request for damages due to his arrest cognizable when he has not alleged, let alone proven, it was declared invalid. *Heck*, 512 U.S. at 486-487.

To the extent Plaintiff argues unlawful, unwarranted search, his claim would be dismissed if this Court had jurisdiction to hear it. To state a § 1983 claim for unlawful search, a plaintiff must show the search was unreasonable and it "caused him actual, compensable injury." *Tucker-Smart v. Bucks Cnty., Pa.*, CIVIL ACTION NO. 2:15-cv-0210, 2015 U.S. Dist. LEXIS 114317, at *16 (E.D. Pa. Aug. 28, 2015). "The automobile exception to the warrant requirement permits law enforcement to seize and search an automobile without a warrant if probable cause exists to believe it contains contraband." *United States v. Williams*, 898 F.3d 323, 340 (3d Cir. 2018) (citing *United States v. Burton*, 288 F.3d 91, 100 (3d Cir. 2002)) (internal quotation marks omitted). "To find probable cause to search, there needs to be a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Burton*, 288 F.3d 91, 103 (3d Cir. 2002).

A reasonable reading of the facts provided by Plaintiff indicates the police had probable cause to believe Plaintiff's getaway vehicle contained stolen merchandise. Bloomingdales LPO provided Upper Merion Police with a description of the theft he observed and the getaway vehicle. Since the vehicle matched that description and was stopped within thirty minutes of the time the theft occurred, within a thirty-minute radius,[28] it was reasonable for the police to believe it contained evidence of retail theft. Furthermore, Bloomingdales' LPO was transported to the scene of the traffic stop and identified Plaintiff as one of the thieves he observed, adding to the

---

[28] This Court takes judicial notice of the fact that Interstate 76 only extends, in Pennsylvania, approximately thirty (30) minutes east of King of Prussia.

15

probable cause. Because Plaintiff fails to sufficiently allege the search was unreasonable, this Court need not address whether it caused him injury.

### ii. State Law Claims

#### 1. Conversion

"[U]nder Pennsylvania law, conversion is the deprivation of another's right of property, or use or possession of a chattel, or other interference therewith, without the owner's consent and without legal justification." *Universal Premium Acceptance Corp. v. York Bank & Trust Co.*, 69 F.3d 695, 704 (3d. Cir. 1995) (internal quotation marks omitted).

To the extent Plaintiff sues for loss of the items he was convicted of having stolen, his conversion claim is dismissed because it is axiomatic that he has no property right in and is not otherwise entitled to the items he stole.

To the extent Plaintiff requests compensation for conversion of "other stuff" removed from his car at the time of arrest, his allegations are vague, bald, and conclusory. Therefore, they fail to satisfy the federal pleading standard. *Phillips*, 515 F.3d at 233. Furthermore, adding particular information to his allegations would not cure this claim because Plaintiff also fails to show the police did not have legal justification to take custody of his belongings incident to his arrest. *See Universal Premium Acceptance Corp.*, 69 F.3d at 704.

Plaintiff included the word "conspiracy" in the context of his conversion allegations. Notwithstanding that mere inclusion of the name of a potential claim does not satisfy the federal pleading standard, *Phillips*, 515 F.3d at 233, conspiracy is only unlawful to the extent the object of the conspiracy is unlawful. *Pfizer Inc. v. Giles*, 46 F.3d 1284, 1292 (3d Cir. 1994) ("To prove civil conspiracy in Pennsylvania ... a plaintiff must show that two or more persons combined or entered an agreement to commit an unlawful act or to do an otherwise lawful act by unlawful

16

means.") (citing *Burnside v. Abbott Lab.*, 505 A.2d 973, 982 (Pa.Super. 1985)). Because Plaintiff failed to show unlawful conversion, his conspiracy claim is also dismissed for, among other reasons, failure to establish the underlying offense. *Id.*

## 2. Malicious Prosecution

Plaintiff levels accusations of perjury-ridden, racist, baseless, fraudulent prosecution. This Court construes his accusations as a claim for malicious prosecution.

> To state a claim for malicious prosecution predicated on the Fourth Amendment, a plaintiff must demonstrate that (1) the defendant acted maliciously for a purpose other than bringing the plaintiff to justice when (2) he initiated a criminal proceeding (3) without probable cause (4) which ended in the plaintiff's favor, but (5) caused the plaintiff to suffer a deprivation of liberty consistent with a seizure.

*Mann v. Brenner*, 375 F. App'x 232, 236 (3d Cir. 2010). Plaintiff merely alleges in a conclusory fashion that defendants acted maliciously. He does not plausibly "demonstrate" as much. Plaintiff also fails to show defendants prosecuted him without probable cause[29] and that the proceeding ended in his favor. Since he does not demonstrate at least three of the five elements required to state a claim for malicious prosecution, said claim is without merit.

### c. Defendant Khun

Assuming arguendo this Court had jurisdiction over Plaintiff's § 1983 claim against Defendant Khun, said claim would be dismissed as non-cognizable under *Heck* because Plaintiff has not shown his conviction for probation violation was declared invalid or otherwise called into question by anyone besides himself. 512 U.S. at 486-487.

---

[29] *See supra* Subsections VI.C.2.a – VI.C.2.b.i.

17

## V. Conclusion

For the reasons set forth above, Moving Defendants' Motions to Dismiss are granted. Normally, when justice so requires, leave to amend should be freely given. Fed. R. Civ. P. 15(a). However, because this Court lacks subject matter jurisdiction over Plaintiff's claims and because he included no facts in his sixty-nine (69) page Complaint (including exhibits) to suggest a violation of his rights, amendment would be futile. *See Wagner v. Unemployment Comp. Bd. of Review*, 550 F. App'x 99, 100 (3d Cir. 2014); *Abuhouran v. SSA*, 291 F. App'x 469, 472 (3d Cir. 2008).

An appropriate Order follows.

BY THE COURT:

C. Darnell Jones, II    J.